UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:23-942 |
| | ) | 18 U.S.C. § 1001 |
| | ) | 26 U.S.C. § 7201 |
| | ) | 31 U.S.C. § 5314 |
| v. | ) | 31 U.S.C. § 5322 |
| | ) | 18 U.S.C. § 982(a)(3) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| **DENNIS WAYNE BRITE** | ) | **INDICTMENT** |

COUNT 1

THE GRAND JURY CHARGES THAT:

Introduction

At all times relevant to this Indictment:

1. **DENNIS WAYNE BRITE** is a previously registered broker and investment
   advisor.

2. Belize Bank International (BBIL) is a financial institution primarily based in the
   country of Belize.

3. Euro Pacific International Bank (EPIB) is a defunct boutique online bank that
   primarily did business in St. Vincent and the Grenadines before moving to Puerto
   Rico in 2017.

The Tax Scheme – Affirmative Acts

4. Between May and July 2013, **DENNIS WAYNE BRITE** formed four foreign
   entities: (1) Links Management Limited, an entity based in the Sychelles; (2)
   Divot Holdings International LLC and (3) Mulligan Holdings LLC, two entities
   based in Nevis; and (4) Segunda Oportunidad Foundation, an entity based in

Belize.

5. In July 2013, **DENNIS WAYNE BRITE,** using a United States Passport, applied to open two bank accounts at BBIL in the names of Mulligan Holdings and Segunda Oportunidad Foundation. Mulligan Holdings' BBIL application was approved on November 1, 2013, and Segunda Oportunidad Foundation's on December 4, 2013.

6. In late August and early September 2013, **DENNIS WAYNE BRITE** applied to open two bank accounts at EPIB in the names of Divot Holdings International, LLC and Mulligan Holdings, LLC. These accounts were approved on or about November 15 and November 18, 2013, respectively. **DENNIS WAYNE BRITE** used a fictitious Belize passport to conceal his United States' citizenship when opening these accounts.

7. In 2013, **DENNIS WAYNE BRITE** rolled over a $3 million IRA account held at Pershing LLC to a traditional 401(k). He subsequently transferred $2.1 million of that amount to a self-managed 401(k) account held at Charles Schwab. Between October 8, 2013, and November 21, 2013, **DENNIS WAYNE BRITE** withdrew $1,401,000 from his 401(k) at Charles Schwab and deposited it to a Wells Fargo account in the name of Divot Holdings.

8. Between November 11 and December 5, 2013, **DENNIS WAYNE BRITE** made three wire transfers totaling $1,340,830 from his Divot Holdings account at Wells Fargo to an offshore account at BBIL in the name of Mulligan Holdings, LLC.

9. Between December 12 and 23, 2013, **DENNIS WAYNE BRITE** wired $2,488,530 from Mulligan Holdings LLC's BBIL account to an account at EPIB in the same name. Between December 16 and 24, 2013, **DENNIS WAYNE BRITE** then transferred $1,340,800 of that amount to a second EPIB account in the name of Divot Holdings International, LLC.

10. In August 2017, **DENNIS WAYNE BRITE** closed his EPIB accounts. Before closing, he moved the remaining $1,147,815 from Mulligan Holdings, LLC's account to Divot Holdings International LLC's account. **DENNIS WAYNE BRITE** then transferred the combined $2,488,505 in funds to a Fidelity Investments account in the United States in the name of the Dennis Brite Trust.

11. **DENNIS WAYNE BRITE** filed Reports of Foreign Bank and Financial Accounts FinCen Form 114 (FBAR)s for tax years 2013 through 2017 and reported his signature authority over the two accounts at BBIL. However, **DENNIS WAYNE BRITE** substantially underreported the maximum value of the Mulligan Holdings LLC account in 2013, which he listed at only $33,000. In fact, that account reached a high balance of $2,540,860 on December 10, 2013, before **DENNIS WAYNE BRITE** transferred most of the money in the account to EPIB. Despite filing FBARs in subsequent years, **DENNIS WAYNE BRITE** did not report either of the two accounts at EPIB over which he had signature authority.

12. In February 2017, EPIB moved its operations to Puerto Rico. As Puerto Rico is a territory of the United States, the EPIB accounts were no longer foreign accounts after February 2017.

13. From the 2013 through the 2017 tax years, **DENNIS WAYNE BRITE** self-prepared and timely filed his joint income tax returns. On his 2013 income tax return, **DENNIS WAYNE BRITE** reported rolling over IRA accounts valued at $3,416,555. Of this amount, he reported that $60,000 was rolled over from a traditional to a Roth IRA and was, therefore, taxable. Accompanying the return was a handwritten Form 1099-R listing the $60,000 distribution as taxable income. **DENNIS WAYNE BRITE** did not report as a taxable distribution the $1,401,000 that he withdrew from his self-directed 401(k), deposited to a Wells Fargo account, and later transferred offshore.

14. On Schedule B of **DENNIS WAYNE BRITE's** 2013 return, he also checked the box indicating that he had no financial interest in or signature authority over any financial accounts located in a foreign country.

15. On his 2014 through 2017 personal income tax returns, **DENNIS WAYNE BRITE** reported between $40,000 and $49,000 in taxable distributions from his 401(k) plan. In each case, the return included a Form 1099-R (typically handwritten) reporting the distribution as taxable income. Additionally, **DENNIS WAYNE BRITE** checked the box on Schedule B of his 2014 through 2017 returns indicating that he had foreign financial accounts. However, **DENNIS WAYNE BRITE** only listed the BBIL accounts in Belize and omitted the EPIB accounts in St. Vincent and the Grenadines.

16. On September 9, 2020, IRS-CI special agents interviewed **DENNIS WAYNE BRITE** at his home in Aiken, South Carolina. **DENNIS WAYNE BRITE** acknowledged moving money to two bank accounts in Belize but claimed that

4

he did so in order to start a charity. A review of **DENNIS WAYNE BRITE's** offshore accounts reveals that the funds were not used to finance charitable activity.

17. Continuing during the interview, **DENNIS WAYNE BRITE** claimed that the funds deposited to Segunda Oportunidad constituted after-tax income and that all this income had been appropriately reported on his tax returns. Approximately $1.4 million of the more than $2.5 million that he transferred to EPIB was pre-tax distributions from his 401(k) plan, which he did not report on his 2013 tax return.

From in or about May 2013 through in or about September 2020, in the District of South Carolina and elsewhere, the defendant, **DENNIS WAYNE BRITE**, a resident of Aiken, South Carolina, willfully attempted to evade and defeat the payment of income tax due and owing by him to the United States of America for the calendar year 2013 by committing the above affirmative acts, among others;

In violation of Title 26, United States Code, Section 7201.

COUNT 2

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 17 of Count One of this Indictment are repeated, realleged and incorporated herein as if fully set forth in this Count.

That on or about June 30, 2018, in the District of South Carolina and elsewhere, the defendant, **DENNIS WAYNE BRITE,** unlawfully, willfully, and knowingly did fail to file with the Treasury an FBAR disclosing that he had a financial interest in, and signature and other authority over, a bank, securities, and other financial account in a foreign country, which had an aggregate value of more than $10,000 in a 12-month period during 2017;

In violation of Title 31, United States Code, Sections 5314 and 5322.

COUNT 3

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 17 of Count One of this Indictment are repeated, realleged and incorporated herein as if fully set forth in this Count.

That on or about September 9, 2020, the defendant, **DENNIS WAYNE BRITE,** did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by explaining that he transferred money to Belize to start a charitable organization to Special Agents of the Internal Revenue Service, Criminal Investigations, at Aiken, South Carolina, in the District of South Carolina. The statement[s] and representation[s] were false because, as **DENNIS WAYNE BRITE** then and there knew, the funds were not used to finance charitable activity;

In violation of Title 18, United States Code, Section 1001(a)(2).

6

COUNT 4

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 17 of Count One of this Indictment are repeated, realleged and incorporated herein as if fully set forth in this Count.

That on or about September 9, 2020, the defendant, **DENNIS WAYNE BRITE**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by claiming that the funds deposited to Segunda Oportunidad constituted after-tax income and that all of this income had been appropriately reported on his tax returns to Special Agents of the Internal Revenue Service, Criminal Investigations, at Aiken, South Carolina, in the District of South Carolina. The statement[s] and representation[s] were false because, as **DENNIS WAYNE BRITE** then and there knew, approximately $1.4 million of the more than $2.5 million that he transferred to EPIB were pre-tax distributions from his 401(k) plan, which he did not report on his 2013 tax return;

In violation of Title 18, United States Code, Section 1001(a)(2).

COUNT 5

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 17 of Count One of this Indictment are repeated, realleged and incorporated herein as if fully set forth in this Count.

That on or about September 9, 2020, the defendant, **DENNIS WAYNE BRITE,** did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by claiming that he never indicated to EPIB that he was a citizen of Belize to Special Agents of the Internal Revenue Service, Criminal Investigations, at Aiken, South Carolina, in the District of South Carolina. The statement[s] and representation[s] were false because, as **DENNIS WAYNE BRITE** then and there knew, his application to open accounts at EPIB included a fictitious Belize passport in the name of **DENNIS WAYNE BRITE**;

In violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE

FALSE STATEMENTS:

Upon conviction for violations of Title 18, United States Code, Section 1001 as charged in this Indictment, the defendant, **DENNIS WAYNE BRITE**, shall forfeit to the United States any property, real or personal, constituting, derived from, or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses.

PROPERTY:

Pursuant to 18 U.S.C. § 982(a)(3) and 28 U.S.C. § 2461(c), the property which is subject to forfeiture for the violations charged in this Indictment includes, but is not limited to, the following:

> Cash Proceeds/Forfeiture Judgment:
>
> A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offenses charged in the Indictment, that is, a minimum of approximately $523,430.00 in United States currency, and all interest and proceeds traceable thereto as a result for his violations of 18 U.S.C. § 1001.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, because of any act or omission of the Defendant –

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with, a third person;
(c)    has been placed beyond the jurisdiction of the Court;
(d)    has been substantially diminished in value; or
(e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

9

Pursuant to Title 18, United States Code, Section 982(a)(3) and Title 28, United States

Code, Section 2461(c).

A ___Irue___ BILL

FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
T. DeWayne Pearson, ID No. 10859
Assistant U.S. Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: (803) 929-3000
Facsimile: (803) 254-2943
Email: dewayne.pearson@usdoj.gov